NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOREY JARRETT, | No.   21-35133 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-01049-MK |
| v. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 503, a labor organization; MARION COUNTY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted July 5, 2023[**]

Before:  WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Torey Jarrett appeals from the district court's dismissal of her 42 U.S.C.

§ 1983 action alleging that the unauthorized deduction of union dues from her pay

violated her First and Fourteenth Amendment rights under *Janus v. Am. Fed'n of*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*State, Cnty., and Mun. Emps., Council 31*, ___U.S.___, 138 S. Ct. 2448 (2018).

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo. *Wright v. SEIU Loc. 503*, 48 F.4th 1112, 1118 n.3 (9th Cir. 2022), *cert. denied*,143 S. Ct. 749 (2023). We may affirm on any ground supported by the record. *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1106 (9th Cir. 2022), *cert. denied*, 143 S. Ct. 783 (2023). We affirm.[1]

Jarrett lacked standing to seek First Amendment prospective relief to stop possible future unauthorized deductions. At most, she suffered one past allegedly unauthorized deduction that stopped as soon as she informed the union that her signature had been forged and before she filed her action. Allegations of past injury, without "continuing adverse effects," and only the potential for future unauthorized dues deductions are too speculative to establish standing for a First Amendment claim for prospective relief. *Wright*, 48 F.4th at 1120 (internal quotation marks omitted).

The district court properly dismissed the Fourteenth Amendment Due Process claim alleged against Marion County. Jarrett did not allege that the county intentionally withheld unauthorized dues. *See Ochoa*, 48 F.4th at 1110-11 (holding that the plaintiff failed to state a due process claim absent facts showing

---

[1]This appeal has been held in abeyance since February 10, 2022, pending issuance of the mandate in No. 20-36076, *Zielinski v. SEIU, Local 503*, or further order of this court. The stay is lifted.

that the government intended to withhold unauthorized dues and thus deprive the plaintiff of a property or liberty interest).  Nor did she allege that a policy or custom of the county caused her unauthorized deduction.  *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability).  Rather, she alleged that fraud in the union caused her injury.  Moreover, *Janus* did not impose an affirmative duty on the government to confirm that the agreement between the union and employee is genuine.  *Wright*, 48 F.4th at 1125.

The district court properly dismissed the civil rights claims alleged against the union because the union was not a state actor.  *Id.* at 1121-25.

**AFFIRMED.**